FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ AUG 23 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOUGLAS CHIARO,

                Plaintiff,      **ORDER**
                                09-CV-3702 (SJF) (AKT)

  -against-

THE COUNTY OF NASSAU STATE OF NEW YORK,
NASSAU COUNTY POLICE DEPARTMENT, DAVID
CHIARO, NASSAU COUNTY POLICE OFFICER
DOUGLAS COTA #4242, CANINE OFFICER
TRAMONTANA #4365, and JANE AND JOHN DOES
AS NASSAU AND SUFFOLK POLICE OFFICERS
                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

On August 25, 2009, plaintiff Douglas Chiaro ("plaintiff" or "Douglas") initiated this action *pro se* alleging that actions taken by defendants' during his arrest violated 42 U.S.C. § 1983 ("section 1983") and other related statutes. On February 15, 2010, counsel filed a notice of appearance on behalf of plaintiff. On June 8, 2010, plaintiff moved to amend the complaint to allege only (1) excessive force claim against David Chiaro ("defendant" or "David"), Suffolk County Police Officers Tramontana and Douglas Cota, and (2) a failure to train claim against Nassau County and Suffolk County pursuant to section 1983.

On February 16, 2011, Defendants Nassau County, Nassau County Police Department, and David Chiaro (collectively the "Nassau County defendants") moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pursuant to a referral, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation on July 29, 2011 (the "Report"), which

1

recommended that defendants' motion be granted. On August 10, 2011, plaintiff filed objections to the Report. On August 16, 2011, plaintiff filed a motion to amend, which is pending. For the reasons stated herein, the Report is accepted in its entirety and the motion to amend is denied.

I. Background

The only objections to the Report's recitation of the facts are discussed below. Upon review, the Statement of Fact in the Report contains no clear error.

Douglas and David Chiaro are brothers. Report at 2. David is employed as Nassau County Police Officer. *Id.* In May 2007, an order of protection was issued against the plaintiff preventing him from interacting or communicating with his father. *Id.*

On July 17, 2007, plaintiff received calls from David and a cousin informing him that Douglas' father was very ill. *Id.* Plaintiff arrived at their father's house at approximately two o'clock in the morning (2:00 a.m.) on July 18, 2007. *Id.* Plaintiff was given an opportunity to speak with his father. *Id.*

Plaintiff claims that, while he was hugging his father, David Chiaro struck plaintiff in the head with a hard object, rendering him unconscious, and dragged him outside of the house. *Id.* at 3.

Defendant David states that when plaintiff was alone with their father, David heard their father making a gurgling noise, and observed plaintiff's hands around their fathers neck, appearing to choke him. *Id.* David pulled plaintiff off the father and took Douglas outside of the house. *Id.* Plaintiff ran away and David called 911. *Id.*

Suffolk County police officers responded to the house with a canine unit and a helicopter to search for the plaintiff. *Id.* Plaintiff was found in a neighbor's yard by the canine unit. *Id.*

Plaintiff claims that David told the Suffolk County police officers where plaintiff had gone, knowing that they would use a canine unit to find him, and that David was several feet away from plaintiff at the time of his arrest. *Id.* Plaintiff also claims that he was lying unconscious near bushes in a neighbor's yard when he was found. *Id.*

David Chiaro states that he did not participate in the search and was not present during plaintiff's arrest. *Id.* The Nassau County defendants claim that plaintiff was found hiding in the bushes in the neighbor's yard. *Id.*

II. Discussion

    A. Standards of Review

        1. Objections to a Report and Recommendation

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L. Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error

3

on the face of the record. *See* Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. Summary Judgment

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (citations and quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." Id. An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, VT, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

4

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried. If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." Id. at 532-33 (quotations and citations omitted).

B.  Plaintiff's Objections

Plaintiff objects to the finding in the Report that David Chiaro was acting as a private individual rather than a police officer when he allegedly struck plaintiff. *See* Plaintiff's Objections ("Obj.") ¶ 4. Plaintiff claims that Magistrate Judge Tomlinson overlooked: (1) a statement by David that he was "acting as a police officer"; (2) David's testimony that the New York Criminal Procedure Law requires him to act as a police officer when a crime is committed in his presence; (3) the fact that David's employer (presumably referring to Nassau County), has concluded that he was acting as a police officer. *Id.* ¶ 3. Plaintiff also objects to the Report's "failure to acknowledge or give credit" to plaintiff's "Statement of Relevant Facts." Obj. ¶ 3. These objections will be reviewed *de novo*. Upon review, the Court is satisfied that portions of the Report to which plaintiff has not objected are not facially erroneous.

1. David Chiaro's Actions

It is undisputed that a person must be acting "under color of state law" to be liable for conduct pursuant to section 1983. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Although actions by off-duty officers may potentially fall within the reach of section 1983, "it is by now axiomatic that under color of law means under pretense of law and that acts of officers in the ambit of their personal pursuits are plainly excluded." Id. at 547-48 (citing Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945) (internal quotations omitted). A court must look to "the nature of the officer's act," not merely whether he was on or off duty. Pitchell 13 F.3d at 548.

When considering whether a challenged action was taken professionally or personally the Court considers: whether a police officer defendant is acting in accordance with a police regulation, or invoking the authority of the police department, *id.* at 548; whether the acts were committed "in the performance of any actual or pretended duty," Bonsignore v. City of New York, 683 F.2d 635, 639 (2d Cir. 1982), whether the actor gains access to the victim in the course of official duty, or employs the authority of the state, United States v. Giordano 442 F.3d 30, 43 (2d Cir. 2006) (applying "color of law" requirement in 18 U.S.C. § 242); whether defendant would not have been able to take the action except for his status as an official. Monsky v. Moraghan, 127 F.3d 243, 245-46 (2d Cir. 1997).

Plaintiff claims that David Chiaro invited him to see their dying father, and once plaintiff was there: David struck him on the back of the head, expelled him from the house, called the police, reported his account of the incident and was present during the arrest. It is undisputed that David

was off duty, did not arrest plaintiff, did not display his badge and was not in uniform. There is no evidence to support the argument that these actions were taken in accordance with a police regulation, after invoking his authority as a police officer or in the performance of a police officer's duty. The use physical force and calling the police are options available to all citizens, regardless of a person's employment with the state. Although plaintiff has argued that it is "totally irrelevant" whether the "victim" was their father, Memorandum in Opposition at 12, the fact that the parties are brothers, and that the alleged conduct took place in their father's home supports the argument that David was acting in a personal capacity.

Plaintiff also claims that Magistrate Judge Tomlinson did not consider David's testimony that he is being indemnified and defended by Nassau County in this action, although plaintiff raises this argument for the first time in his objections to the Report. *See* Obj. at 10-11. Plaintiff's conclusory statement that Nassau County has "determined that [David] was acting as a police officer when he assaulted plaintiff," unaccompanied by citation to the record, Memorandum in Opposition at 6, is insufficient to raise this issue as an argument.

"While Rule 72(b) gives district courts the discretion to consider 'further evidence,' district courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." Travelers Ins. Co. v. Estate of Garcia, No. 00 Civ. 2130, 2003 WL 1193535, at * 2 (E.D.N.Y. Feb. 4, 2003) (citing United States v. Pena, 51 F.Supp.2d 364, 367 (W.D.N.Y. 1998); see Robinson v. Keane, No. 92 Civ. 6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) (stating that "[a]n objecting party may not raise new arguments that were not made before the Magistrate Judge"); Abu-Nassar v. Elders Futures, Inc., No. 88 Civ. 7906, 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug.17, 1994) (refusing to entertain

new arguments not raised before the Magistrate Judge and holding that to do otherwise "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments") (citations omitted).

Plaintiff argues that David Chiaro testified that he was compelled to act to prevent a crime and that he was acting as an officer when he acted. Plaintiff cites to David's testimony that he believed that a Nassau County police officer has a duty to "act as a police officer" if he or she observes misdemeanors and felonies outside the jurisdiction of Nassau County. David Chiaro Deposition ("Dep.") at 39-41. Although the "act" is not specified, David Chiaro's testimony demonstrates only his understanding that an unspecified duty may arise when crimes are committed in his presence outside of Nassau County but there are circumstances in which an officer would not act. *Id.* David Chiaro's authority to act as an officer does not itself create an issue of fact as to whether he acted as an officer, i.e., although David Chiaro may have had the authority to "act as a police officer," there is no evidence that he did.

Plaintiff's argument that David Chiaro acted under pretense of law because he had the authority to stop a crime, and he acted to stop a crime by removing plaintiff from the father's bedside is unavailing because (1) plaintiff has not produced evidence that David Chiaro's conduct was taken for the purpose of preventing a crime, rather than protecting his father, and (2) plaintiff does not concede that he was committing a crime, or that plaintiff had a reasonable belief that a crime was being committed. If plaintiff was hugging their father and David did not believe that plaintiff was strangling him, as plaintiff claims, than David's act of striking plaintiff would not have prevented a crime.

Plaintiff relies upon a question by plaintiff's counsel: "When you allege that you saw

8

[plaintiff] strangling your father, when you allege that you dove to pull him away, were you acting instinctively as a trained police officer or as an individual or as a trained military person or in all that capacity" and to which David answered "[a]ll of the above." *Id.* at 17-18; Dep. at 243-44. Plaintiff argues that this statement "is an admission by David Chiaro that he was acting as a police officer." Obj. at 18. However, this statement does not create a genuine issue of fact as to whether David was acting as an officer or a son or sibling. See Pitchell 13 F.3d at 548. Taken in context, and even assuming the truth of plaintiff's claims, Obj. at 17, there is no evidence that these actions were taken pursuant to police procedures, in furtherance of a duty as a police officer, or from a unique position attained by his position as a police officer.

In a section entitled "Other Facts Relied Upon by Plaintiff," plaintiff makes a number of arguments without any specific objections. Obj. 18-20. Plaintiff argues that the Report ignores the fact that plaintiff would not have gone to their father's house until he was given assurance by David "as a Police Officer," *id.* at 18-19, that David identified himself as a police officer when the police arrived, *id.* at 20, and that he was standing "where the police cars were" and sitting on a police car when plaintiff was arrested, *id.* at 20. Plaintiff states that these facts are "relevant," *id.* at 19, but does not claim that these actions violated his constitutional rights, and does not establish that the force used by David against plaintiff was taken under the pretense of law.

Plaintiff argues that "a reasonable jury may infer" that David Chiaro "tasered" plaintiff despite the fact that plaintiff is unable to testify "who tasered him" because he was unconscious. Obj. at 19. Plaintiff has not cited facts in the record or case law in support of this argument.

Plaintiff has not established the existence of a genuine issue of fact whether David Chiaro was acting "under color of law." Therefore, these objections are overruled.

2. The Report's Review of the Statement of Facts

Plaintiff claims that Magistrate Judge Tomlinson did not read his counter-statement of material facts, Obj. 23-24, based upon a footnote which reads: "The Court notes that although the Plaintiff did serve his response to Defendants' Rule 56.1 Statement, he failed to include any additional material facts which would form that [sic] basis for a genuine issue to be tried in accordance with Local Civ. R. 56.1(b)." Report at 8 n. 5. Plaintiff does not dispute that his Local Rule 56.1(b) statement did not include "additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). Plaintiff has not entered any objections to specific portions of the factual recitation in the Report, except where noted above.

Upon review of the Report, it is clear that the Report is based upon, *inter alia*, a reading of plaintiff's counter-statement of material facts. Therefore the objection is overruled.

II. Motion to Amend

A. Background

The initial complaint, filed *pro se* on August 25, 2009, included claims pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced & Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, *et seq.*, alleging, *inter alia*, unlawful arrest, malicious prosecution, assault and unlawful detention. On February 15, 2010, plaintiff's attorney filed a notice of appearance. On June 8, 2010, plaintiff moved to amend the complaint, notably dropping the RICO claims, false arrest and

malicious prosecution. Motion to Amend, ECF No. 54 ¶ 4. On June 25, 2010, the motion was granted, and plaintiff was directed to serve the amended complaint no later than July 2, 2010.

Plaintiff filed the untimely amended complaint on July 8, 2010, and on the following day moved for an extension of time to file the amended complaint, asking the Court to deem it timely filed. Although defendants opposed plaintiff's motion, Magistrate Judge Tomlinson deemed the amended complaint timely filed and put plaintiff on notice that failure to follow future deadlines would result in "further action." On July 22, 2010 a discovery schedule was set with fact deposition to be completed by October 28, 2010. All amended pleadings of claims and cross-claims had been filed as of October 12, 2010.

On November 13, 2010, plaintiff filed a second motion to amend the complaint, which was denied. The motion was renewed on August 16, 2011.

Plaintiff's motion now seeks to amend the complaint to add the previously dropped claims of false arrest and malicious prosecution against David Chiaro, and Suffolk County Police Officers Cota and Tramontana (together "the Suffolk County officers"). Plaintiff's attorney states that he dropped the claims because he knew that there was an order of protection preventing plaintiff from visiting his father's house and believed that the order of protection would preclude the claims. However, based upon his client's deposition testimony, and after reviewing "materials that related to the guardianship dispute in the family court" plaintiff's counsel now believes these claims are viable. Affirmation in Support of Motion to Amend ¶ 6.

B. Legal Standard

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or,

> if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty (20) days after it is served. [Otherwise] a party may amend its pleading only with the opposing party's written consent or the court's leave.

Fed. R. Civ. P. 15(a). This rule "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated . . . and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. N.Y.C. Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962) (internal citations omitted).

It is well settled that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed.2d 77 (1971) (citing Foman, 371 U.S. at 182)). A motion to amend should be denied only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" Foman, 371 U.S. at 182; Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000). The court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery."

12

Grace, 228 F.3d at 53 (internal citations omitted).

### C. Undue Delay

Plaintiff first sought leave to file the second amended complaint on November 13, 2010, approximately five (5) months after filing the amended complaint, and nine (9) months after first appearing on this case. Plaintiff's counsel does not explain what "materials [] related to the guardianship dispute" he has now uncovered that support his delay in recovering them. Furthermore, counsel was aware of the false arrest and malicious prosecution claims in the *pro se* complaint and made an informed decision to omit them in the amended complaint. As the "new evidence" came exclusively from his client's deposition testimony and a review of public records, plaintiff's counsel has not adequately explained the reason for his delay in obtaining this information. Overlooking plaintiff's delay and failure to justify the delay, would require the Court to find that counsel's appraisal of the case was hasty and inadequate, and to excuse such conduct.

Moreover, allowing plaintiff to amend the complaint at this point would require re-opening discovery and possibly recalling witnesses already deposed, deposing new witnesses and additional document disclosures, unduly delaying the proceedings. The potential delay is unwarranted based upon plaintiff's counsel's unjustified delay in securing this information.

### D. Futility of Amendment

Even if the Court were to permit plaintiff to amend the complaint, the new claims in the

proposed second amended complaint do not state colorable causes of action based upon the law and facts of this case.

The false arrest and malicious prosecution claims against David pursuant to 42 U.S.C. § 1983 require a finding that David acted "under the color of state law." Pitchell 13 F.3d at 547. As discussed above, plaintiff has not met his burden to show that a genuine issue of fact exists as to whether David Chiaro's actions were taken pursuant to his authority as a police officer. Therefore, the section 1983 claims fail. If the complaint were amended, the only potential remaining claims against David Chiaro would be false arrest and malicious prosecution claims pursuant to state law. The Court declines to exercise supplemental jurisdiction over David Chiaro only for the putative state law claims of false arrest and malicious prosecution which were beyond the statute of limitations at the time of plaintiff's initial *pro se* complaint. *See* New York Civil Practice Law and Rules § 215(3).

The false arrest and malicious prosecution claims against the Suffolk County officers are based upon their alleged failure to investigate David's allegations prior to plaintiff's arrest. Second Amended Complaint ("2d Amend. Comp.") ¶¶ 53-59, 64-67. Plaintiff alleges that the Suffolk County officers did not have probable cause to arrest him for, *inter alia*, the crime of criminal contempt based upon an order of protection which "while their mother was in the house . . . allowed Plaintiff to visit and take care of her needs. *Id.* ¶ 21, 54, 58, 59. Plaintiff's Deposition ("Pl. Dep") at 132-33. However, plaintiff also alleges that David "got their mother declared incompetent and . . . placed in a nursing home" before July 17, 2007. *See* 2d Amend. Comp. ¶ 20; Pl. Dep at 135-37. The complaint does not allege that the mother was present when he went to the house, and plaintiff's deposition testimony indicates that his mother was "locked in the nursing home" on the date of the

incident. Pl. Dep. 140-141. Plaintiff's presence at the house in violation of the express terms of the order of protection and David's alleged statements that a crime had been committed, gave the Suffolk County officers probable case to arrest and prosecute plaintiff. See Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006). As probable cause is a complete defense to a false arrest and malicious prosecution claim, see Dickerson v. Napolitano, 604 F.3d 732, 751-52 (2d Cir. 2010), amendment of the complaint to include the claims of false arrest and malicious prosecution against the Suffolk County officers would be futile.

As plaintiff has failed to adequately explain his delay in amending the complaint, permitting the amendment will unduly delay the proceedings, and amendment would be futile, plaintiff's motion to amend is denied.

III. Conclusion

For the foregoing reasons, the Report is adopted as an order of the Court. The Nassau County defendants' motion for summary judgment is granted. Defendant Nassau County, Nassau County Police Department, and David Chiaro are dismissed from this action. Plaintiff's purported claim pursuant to 42 U.S.C. § 1985 against the remaining defendants is dismissed. Plaintiff's motion to amend is denied.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: August 23, 2011
Central Islip, New York

15